**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ANNA STEPANOVA, | No. 05-77299 |
| Petitioner, | Agency No. A079-151-790 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2010[**]
Pasadena, California

Before: FARRIS, HALL and SILVERMAN, Circuit Judges.

Anna Stepanova, a native of Russia and citizen of Ukraine, petitions for

review of the Board of Immigration Appeals' final order of removal finding her

removable for alien smuggling and denying asylum, withholding of removal, and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

The government must prove alien smuggling with "clear, unequivocal, and convincing evidence" and we review the factual findings for substantial evidence. *Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 679 (9th Cir. 2005). Stepanova challenges the immigration judge's finding that she knew her passengers were illegal. However, this finding is well supported by substantial evidence in the record, including Stepanova's I-213, the sworn statements of her two passengers, and the officers' testimony at the hearing. The immigration judge did not violate due process by admitting certified copies of the passengers' sworn statements. First and foremost, Stepanova did not object to the passengers' statements. Moreover, there was no evidence that any of the government documents were unreliable or that admission of the documents was fundamentally unfair. *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995).

Nor does the record establish a violation of Stepanova's right to confront witnesses. The officers who took the passengers' sworn statements and filled out the forms testified and the government offered Stepanova an opportunity to cross examine the officers. *Cf. Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823-24 (9th Cir. 2003) (finding that testimony of a confidential informant was not required where

the officer who monitored the conversations testified).  Contrary to Stepanova's assertion, this case is not like *Hernandez-Guadarrama*.  Stepanova did not object to the passengers' statements or seek to cross examine the passengers and the passengers' statements were not the only evidence of Stepanova's knowledge that her passengers were illegal.  *Hernandez-Guadarrama*, 394 F.3d at 682.

Stepanova's assertion that the immigration judge prejudged her case is not supported by the record.  After Stepanova gave her version of the events, the immigration judge expressed concern about credibility and then allowed Stepanova to further explain the events and respond to the government's evidence of alien smuggling.  Because Stepanova "had an ample opportunity" to respond to the charge, the immigration judge's concern about credibility did not violate due process.  *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006).

Stepanova also challenges the immigration judge's denial of asylum, withholding of removal, and Convention Against Torture relief.  We agree with the Board of Immigration Appeals that even assuming that Stepanova testified credibly, she failed to establish past persecution or that she would likely suffer torture if returned to Ukraine.  *Wakkary v. Holder*, 558 F.3d 1049, 1059, 1067-68 (9th Cir. 2009).

PETITION FOR REVIEW DENIED